**Vittorio MINEO and Frank Carlomagno on behalf of themselves and all others similarly situated, Appellees,**

v.

**The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.**

**No. 83–5588.**

United States Court of Appeals, Third Circuit.

Feb. 6, 1986.

Before ALDISERT, Chief Judge, SEITZ, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER, BECKER, STAPLETON, MANSMANN, and VAN DUSEN, Circuit Judges.

### SUR PETITION FOR REHEARING IN BANC

ADAMS, Circuit Judge.

The petition for rehearing filed by appellees in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

GIBBONS, Circuit Judge, dissenting from an order denying rehearing in banc.

Vittorio Mineo, an employee of the Port Authority of New York and New Jersey, is the plaintiff in an action seeking to recover,

on behalf of a class of Port Authority employees, overtime pay due under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1982). The case came to this court on the Port Authority's appeal, pursuant to 28 U.S.C. § 1292(b) (1982), from an order denying its motion to dismiss. That motion was predicated on the decision in *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), holding that the tenth amendment precluded application of the Fair Labor Standards Act to instrumentalities of state government. The district court denied the Port Authority's motion because the Supreme Court had specifically overruled *National League of Cities* in *Garcia v. San Antonio Metropolitan Transit Authority,* — U.S. —, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). A divided panel of this court, 779 F.2d 939 (3rd Cir.1985) reversed the denial of the Port Authority's motion, and ordered the action dismissed for the stated reason that *Garcia* should not be applied retroactively. Mineo petitioned for rehearing in banc. That petition should have been granted, for the decision of the panel majority is patently lawless.

In 1974, Congress amended the Fair Labor Standards Act to require payment of overtime pay by governmental instrumentalities that had previously enjoyed a statutory exemption. Fair Labor Standards Act of 1974, Pub.L. No. 93–259, 88 Stat. 55, 59. That statute has been in place at all relevant times. In *National League of Cities,* a decision which many commentators thought to be aberrational, a majority of the Court held that the amended Act could not apply to the governmental parties before it. Neither Mineo nor the Port Authority were parties to the *National League of Cities* lawsuit, and no class determination was made in that action. Thus, the Port Authority cannot, and apparently does not, contend that it could assert judgment preclusion against its employees by virtue of the decision.

By characterizing the issue as the nonretroactivity of *Garcia,* the panel majority in effect has suspended the operation of the Fair Labor Standards Act for Port Authority employees. There is no legal authority for this or any other court to suspend the operation of an act of Congress in the circumstances of this case.

There are four sources for rules of decision in the federal courts: federal statutes, federal common law, state law, and the United States Constitution. That listing exhausts the possibilities. The panel majority does not purport to interpret a federal statute. Indeed, a suggestion that the majority's holding reflects congressional intent would be ludicrous. Congress spoke in 1974, and Congress has never retreated from its decision to extend the coverage of the Fair Labor Standards Act. In addition, state law cannot furnish the rule of decision which the majority applies, for, consistent with the supremacy clause, no state law rule of decision can be applied if it is inconsistent with a federal statute.

The majority relies on federal common law, of which *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), is a part, for its rule of decision. Federal common law, however, never can be applied in contravention of the will of Congress expressed in a duly enacted statute. Thus, if there is a federal statute which in express terms imposes liability, operation of that statute may be suspended in given cases only if the statute can reasonably be construed to permit such suspension. The majority opinion does not engage in statutory interpretation, for the good and sufficient reason that neither the Fair Labor Standards Act nor any other federal statute can be so construed. That leaves the Constitution.

I look in vain in the panel opinion for any reference to a constitutional provision that would authorize the court to suspend the operation of a duly enacted and now unquestionably constitutional federal statute. Since the panel majority fails to enlighten me as to the source of its rule of decision, I speculate that the majority may have been thinking of the due process clause of the fifth amendment. To justify the suspension of the Fair Labor Standards Act as a

matter of due process, however, one must posit that *National League of Cities* created a vested property interest, within the meaning of the fifth amendment, in the Port Authority. Judgments may in some circumstances create vested property interests in parties. The proposition that majority opinions of the Supreme Court, or any other court, create vested property interests protected by the due process clause in non-parties, however, seems to me quite indefensible.

No federal statute, no federal common law rule, no provision of state law and no provision of the Constitution justifies the rule of decision announced by the majority. There are no other sources of law to which the court may look. Thus the judgment in favor of the Port Authority is a striking example of judicial lawlessness. I would grant rehearing in banc and affirm the order denying the Port Authority's motion to dismiss.

Judge Becker would grant rehearing for the reasons stated in his dissenting opinion.